UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————————————————————— X

AGENCE FRANCE-PRESSE,

                Plaintiff,

      v.

ZIGNAGE LLC and DOES 1 through 10,

                Defendants.

————————————————————————— X

**REPORT & RECOMMENDATION**

24-cv-08341 (HG) (LKE)

**LARA K. ESHKENAZI**, United States Magistrate Judge:

Before the Court, on referral from the Honorable Hector Gonzalez, is the motion of Plaintiff, Agence France-Presse ("Plaintiff" or "AFP"), for default judgment against Defendant Zignage LLC ("Defendant" or "Zignage"). For the reasons set forth below, the Court respectfully recommends that the motion be granted.

## I.    BACKGROUND

On December 4, 2024, AFP filed a Complaint against Defendant Zignage and ten unknown defendants[1] alleging copyright infringement in violation of the Copyright Act, 17 U.S.C. § 101, *et seq*. (*See generally* Compl., ECF 1.) According to the Complaint, AFP "is a global news agency delivering fast and accurate news coverage of events happening worldwide in [ ] videos, text, photographs, multimedia, and graphics." (*Id.* ¶ 10.) AFP "disseminates approximately 4,000 news stories and approximately 3,000 photographs per day to its subscribers," and its photos "are

---

[1] In her motion for default judgment, Plaintiff does not pursue claims against "Does 1 through 10," who have not been identified or served. (Mot. for Default J., ECF 13.) Accordingly, the Court respectfully recommends these claims be deemed abandoned. *See, e.g.*, *Taylor v. New York City Fresh Mkt.*, No. 19-cv-4797 (EK) (LB), 2020 U.S. Dist. LEXIS 243127, at *1 n.1 (E.D.N.Y. Dec. 23, 2020) (recommending dismissal of claims against John Doe defendant, who was not served nor defaulted), *R. & R. adopted*, 2021 U.S. Dist. LEXIS 130458 (E.D.N.Y. July 13, 2021).

available to license through Getty Images." (*Id.* ¶¶ 13-14.) AFP states that its "livelihood depends on receiving compensation for the photographs it licenses." (*Id.* ¶ 15.)

The photograph at issue is an image of the New York Stock Exchange ("Photograph") which was "captured by AFP's staff photographer" as part of his work with AFP. (*Id.* ¶ 17; *Id.* Ex. A, ECF 1-1.) AFP retains the rights to photographs captured by staff as part of their work and had registered the Photograph with the United States Copyright Office under Registration Number VA 2-175-268, effective September 26, 2019. (*Id.* ¶¶ 17-18; *Id.* Ex. B, ECF 1-1.)

Zignage is a "private company specializing in digital signage and content management system[s]." (*Id.* ¶ 21.) Defendant operates a website which provides the names of some of its clientele, including the New York Stock Exchange. (*Id.* ¶ 22.) According to the Complaint, on or around August 1, 2023, "AFP discovered that Zignage had copied and published the Photograph onto Defendant's Website in a post titled 'Markets we serve'" (the "Infringing Post"). (*Id.* ¶ 23; *Id.* Ex. C, ECF 1-1.) AFP alleges it never licensed the Photograph to Defendant or consented to Defendant's use of the Photograph on its website. (*Id.* ¶¶ 25-26; 29.) AFP claims that "the purpose of the use of the Photograph was to promote and encourage visitors to the website to use Defendant's services" for commercial benefit. (*Id.* ¶¶ 27-28.) After AFP discovered the Infringing Post, and prior to filing this lawsuit, AFP and its counsel "made several [unsuccessful] attempts to contact Zignage and resolve the matter." (*Id.* ¶¶ 30-31; Decl. of Taryn R. Murray ("Murray Decl.") ¶ 14, ECF 13-2.)

Defendant failed to file an answer by its deadline, January 6, 2025, and has failed to make an appearance in this action. (*See* ECF 6 (setting answer deadline).) Plaintiff filed an application for a Clerk's Certificate of Default on February 10, 2025, and the Clerk of Court entered default against Defendant on February 12, 2025. (ECFs 10, 11.)

2

## II.      DISCUSSION

### A.      Jurisdiction and Venue

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, Plaintiff asserts a claim under the Copyright Act, 17 U.S.C. § 101, *et seq*. Therefore, the Court has subject matter jurisdiction over Plaintiff's case.

"For a federal court to exercise personal jurisdiction over a defendant, the plaintiff's service of process upon the defendant must have been procedurally proper." *Windward Bora LLC v. Valencia*, No. 19-cv-4147 (NGG) (RER), 2020 WL 6470293, at *2 (E.D.N.Y. Oct. 16, 2020), *R. & R. adopted*, 2020 WL 6450286 (E.D.N.Y. Nov. 3, 2020). Federal Rule of Civil Procedure 4(h)(1)(A) provides that a corporate defendant must be served "in the manner prescribed by Rule 4(e)(1) for serving an individual[.]" Fed. R. Civ. P. 4(h)(1)(A). Moreover, under subsection (B), the summons and complaint may be served by delivering a copy to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B). Rule 4(e)(1) states that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1).

The New York Business Corporation Law ("NYBCL") mandates that "[t]he secretary of state shall be the agent of every domestic corporation and every authorized foreign corporation upon whom process against the corporation may be served." N.Y. Bus. Corp. Law § 304(a). Indeed, "[n]o domestic or foreign corporation may be formed or authorized to do business in this state

3

under this chapter unless in its certificate of incorporation or application for authority it designates

the secretary of state as such agent." *Id.* § 304(b). Lastly, NYBCL section 306 provides that:

> Service of process on the secretary of state as agent of a domestic
> … corporation shall be made … [by] [p]ersonally delivering to and
> leaving with the secretary of state or a deputy, or with any person
> authorized by the secretary of state to receive such service, at the
> office of the department of state in the city of Albany, duplicate
> copies of such process together with the statutory fee…. Service of
> process on such corporation shall be complete when the secretary of
> state is so served.

*Id.* § 306(b)(1).

Here, Plaintiff has properly served Defendant in this action. Defendant is a New York

limited liability company, so service of process of the Summons and Complaint upon the New

York Secretary of State constitutes proper service on Defendant. (Murray Decl. ¶ 3; Mot. Ex. A,

ECF 13-3.) On December 16, 2024, Plaintiff's process server personally delivered and left two

copies of the Summons and Complaint, along with the statutory fee, with Sue Zouky, the

Authorized Agent in the Office of the Secretary of State of New York. (Proof of Service, ECF 6.)

Ms. Zouky was served at the Office of the Secretary. (*Id.*) Plaintiff subsequently filed the proof of

service with the court on December 19, 2024. (*See id.*) Therefore, this Court has personal

jurisdiction over Defendant.

"A civil action may be brought in a judicial district in which a substantial part of the events

or omissions giving rise to the claim occurred[.]" 28 U.S.C. § 1391(b)(2). Furthermore, "[c]ivil

actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive

rights in mask works or designs may be instituted in the district in which the defendant or his agent

resides or may be found." 28 U.S.C. § 1400(a). Plaintiff alleges that a "substantial part of the acts

and omissions giving rise to the claims occurred" in this District, that Defendant "conducts[s]

regular and substantial business in this [D]istrict]," and that Defendant is a "corporate defendant

whose contacts in this district are sufficient to subject it [to] the personal jurisdiction of this Court." (Compl. ¶ 4.) Plaintiff has also provided Defendant's corporate entity information, indicating that Defendant is associated with Kings County, New York.[2] (Mot. Ex. A at 1.) Therefore, venue in the Eastern District of New York is proper.

### B.      **Default Judgment Standard**

Under Rule 55 of the Federal Rules of Civil Procedure, there are two steps to entering a default judgment. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993). First, the Clerk of Court enters the default pursuant to Rule 55(a) by notation of the party's default on the Clerk's record of the case. Fed R. Civ. P. 55(a) (providing that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). This first step is nondiscretionary. *See United States v. Conolly*, 694 Fed. App'x 10, 12 (2d Cir. 2017). Second, after the Clerk of the Court enters a defendant's default, the court may enter a default judgment. *See* Fed R. Civ. P. 55(b).

Whether or not a default judgment is issued is up to the discretion of the court. When evaluating a plaintiff's application for a default judgment, "a court is required to accept all … factual allegations as true and draw all reasonable inferences in [plaintiff's] favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). "Nevertheless, it remains for the court to consider

---

[2] Although Plaintiff recites the statutory language to invoke proper venue, Plaintiff fails to allege any specific factual allegations that would indicate that the Eastern District of New York is the appropriate venue. (Compl. ¶ 4.) In fact, Plaintiff alleges that Defendant's business address is 264 W. 40th St., New York, NY 10018. (*Id.* ¶ 6.) While Defendant's corporate entity information provides that Defendant is associated with Kings County (Mot. Ex. A at 1), such inconsistency raises concerns whether venue may be more appropriate in the Southern District of New York. "Nevertheless, it is well settled that improper venue is a waivable defense, and '[a] district court may not dismiss a case *sua sponte* for improper venue absent extraordinary circumstances.'" *Joe Hand Promotions, Inc. v. Elmore*, No. 11-cv-3761 (KAM) (SMG), 2013 U.S. Dist. LEXIS 76926, at *1 n.2 (E.D.N.Y. May 29, 2013) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)). Since Defendant has not responded to the Complaint or otherwise appeared in this action, Defendant has waived its right to object, and this Court finds no extraordinary circumstances warranting a *sua sponte* dismissal for improper venue. *See id.*

whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *La Barbera v. ASTC Labs., Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (internal quotations and citations omitted); *see TAGC Mgmt., LLC v. Lehman*, *Lee & Xu Ltd.*, 536 Fed. App'x 45, 46 (2d Cir. 2013) ("[P]rior to entering default judgment, a district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law.") (internal quotations and citations omitted).

"Default judgments 'are generally disfavored and are reserved for rare occasions.'" *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada,* 374 F.3d 158, 168 (2d Cir. 2004) (quoting *Enron Oil Corp.*, 10 F.3d at 96). While the Second Circuit has recognized the "push on a trial court to dispose of cases that, in disregard of the rules, are not processed expeditiously [and] ... delay and clog its calendar," it has held that a district court must balance that interest with its responsibility to "afford[] litigants a reasonable chance to be heard." *Enron Oil Corp.*, 10 F.3d at 96. Thus, considering the "oft-stated preference for resolving disputes on the merits," doubts should be resolved in favor of the defaulting party. *See id.* at 95-96. Accordingly, a plaintiff is not entitled to a default judgment as a matter of right simply because defendants are in default. *See Erwin DeMarino Trucking Co. v. Jackson*, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) (noting that courts must "supervise default judgments with extreme care to avoid miscarriages of justice.").

"In determining whether to enter a default judgment, the Court is guided by the same factors that apply to a motion to set aside entry of a default." *Double Green Produce, Inc. v. Forum Supermarket Inc.*, No. 18-cv-2660 (MKB) (SJB), 2019 WL 1387538, at *2 (E.D.N.Y. Jan. 29, 2019) (citing *Enron Oil Corp.*, 10 F.3d at 96; *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 170-71 (2d Cir. 2001)). "These factors are 1) whether the defendant's default was willful; 2) whether the defendant has a meritorious defense to plaintiff's claims; and 3) the level of prejudice

6

the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Id.* at \*2 (quoting *Mason Tenders Dist. Council v. Duce Constr. Corp.*, No. 02-cv-9044 (LTS) (GWG), 2003 WL 1960584, at \*2 (S.D.N.Y. Apr. 25, 2003)) (internal quotation marks omitted).

As to the first factor, "a defendant's nonappearance and failure to respond sufficiently demonstrates willfulness." *Luna v. Gon Way Constr., Inc.*, No. 16-cv-1411 (ARR) (VMS), 2017 WL 835321, at \*4 (E.D.N.Y. Feb. 14, 2017) (collecting cases), *R. & R. adopted*, 2017 WL 835174 (E.D.N.Y. Mar. 2, 2017). Here, Defendant has not responded to the Complaint or the motion for default judgment despite proper service. (*See* Mot. Ex. F 16-19, ECF 13-3; Cert. of Service, ECF 14.) Defendant's failure to respond to the Complaint or the instant motion demonstrates that Defendant's default is willful. *See Traffic Sports USA v. Modelos Restaurante, Inc.*, No. 11-cv-1454 (ADS) (AKT), 2012 WL 3637585, at \*2 (E.D.N.Y. Aug. 1, 2012), *R. & R. adopted*, 2012 WL 3626824 (E.D.N.Y. Aug. 22, 2012) (finding the defendant's failure to respond "in any way" to the Complaint, combined with the affidavits demonstrating proper service, confirmed beyond "any doubt" that the defendant's failure to respond was willful).

As to the second factor, Defendant's failure to appear in this action has left the Court unable to assess whether it has a meritorious defense. "Where a defendant fails to answer the complaint, courts are unable to make a determination whether the defendant has a meritorious defense to the plaintiff's allegations[.]" *See Joseph v. HDMJ Rest., Inc.*, 970 F. Supp. 2d 131, 143 (E.D.N.Y. 2013). This factor therefore weighs in favor of granting a default judgment.

With respect to the third factor, Plaintiff will be prejudiced if the motion for default judgment is denied because "[w]ithout the entry of a default judgment, Plaintiff[ ] would be unable to recover for the claims adequately set forth in the Complaint." *Korzeniewski v. Sapa Pho Vietnamese Rest. Inc.*, No. 17-cv-5721 (MKB) (SJB), 2019 WL 312149, at \*4 (E.D.N.Y. Jan. 3,

2019) (quoting *Sola Franchise Corp. v. Solo Salon Studios Inc.*, No. 14-cv-946 (JS) (AKT), 2015 WL 1299259, at *15 (E.D.N.Y. Mar. 23, 2015)).

Accordingly, the Court recommends finding that Defendant's failure to answer or otherwise appear in this matter constitutes an admission of the factual allegations therein. The Court now assesses the propriety of a default judgment with respect to Plaintiff's claim under the Copyright Act.

### C.    <u>Liability</u>

"Anyone who violates any of the exclusive rights of [a] copyright owner ... is an infringer of the copyright or right of the author[.]" 17 U.S.C. § 501(a). Section 106 of the Copyright Act states that a copyright owner's "exclusive rights" include, but are not limited to, "any of the following: (1) to reproduce the copyrighted work in copies … ; (2) to prepare derivative works based upon the copyrighted work; [or] (3) to distribute copies … of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending." *Id.* § 106(1)-(3). The copyright holder must prove two elements to establish infringement: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Haker v. Tentree Int'l Inc.*, No. 20-cv-1499 (KAM), 2021 WL 3884195, at *3 (E.D.N.Y. Aug. 31, 2021) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

Plaintiff has established its ownership of a valid copyright. The Complaint alleges that Plaintiff owns the rights to the Photograph at issue and that it registered the Photograph with the United States Copyright Office. (Compl. ¶¶ 16-19; *Id.* Ex. B.) Further, Plaintiff has provided the certificate of registration issued by the United States Copyright Office, bearing the registration number VA 2-175-268 with an effective date of September 26, 2019. (*Id.* Ex. B.) This certificate of registration constitutes *prima facie* evidence of the validity of the copyright and of the facts

stated in the certificate. *See Wright v. Edwards*, No. 21-cv-6063 (PKC) (RLM), 2022 U.S. Dist. LEXIS 127126, at *19-20 (E.D.N.Y. July 18, 2022) ("[W]hen there exists prima facie validity of [p]laintiff's copyright, the burden of proof shifts to the [d]efendant to show [p]laintiff's work is not original."); *Joe Hand Promotions, Inc. v. Rosero*, No. 19-cv-792 (KAM) (RLM), 2020 U.S. Dist. LEXIS 28484, at *11 (E.D.N.Y. Feb. 18, 2020).

Second, having defaulted in this case, Defendant has failed to show that Plaintiff's Photograph is unoriginal. *See Rosero*, 2020 U.S. Dist. LEXIS 28484, at *11. Moreover, Plaintiff has provided both the original Photograph and the Photograph as it appears on Defendant's website, demonstrating that the Photograph on Defendant's website is identical to the original Photograph. (*Compare* Compl. Ex. A *with* Ex. C.); *see Kmonicek v. ASAP Restoration Inc.*, No. 24-cv-5226 (EK) (SIL), 2025 U.S. Dist. LEXIS 64339, at *7 (E.D.N.Y. Apr. 3, 2025) (holding that copyright infringement was established where plaintiff's submitted original photograph was identical to the photograph used on defendant's website), *R. & R. adopted*, 2025 U.S. Dist. LEXIS 89962 (E.D.N.Y. May 12, 2025); *Stokes v. Milkchocolatenyc LLC*, 681 F. Supp. 3d 226, 238 (S.D.N.Y. 2023) (finding liability where "the photograph appearing on the Instagram posts appears to be identical and indisputably strikingly similar to the [original] Photograph, thus precluding the possibility of independent creation by [defendant]").

As such, considering the allegations set forth in the Complaint and Defendant's default, this Court finds that Plaintiff has established Defendant's liability for copyright infringement.

## III.    <u>**DAMAGES**</u>

Federal Rule of Civil Procedure 55(b)(2) provides courts discretion to determine whether an evidentiary hearing is necessary or whether to rely on detailed affidavits or documentary evidence. *Action S.A. v. Marc Rich & Co., Inc.,* 951 F.2d 504, 508 (2d Cir. 1991). "The court may determine damages without an in-person hearing based on the plaintiff's affidavits so long as it can ensure a basis for the damages specified in the default judgment." *Zabrodin v. Silk 222, Inc.*, 702 F. Supp. 3d 102, 113 (E.D.N.Y. 2023). The moving party is "entitled to all reasonable inferences from the evidence offered." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

### A.    <u>**Statutory Damages under the Copyright Act**</u>

Plaintiff seeks to recover damages in the amount of $5,900 under Section 504 of the Copyright Act, which entitles a plaintiff to recover statutory damages "of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1); (Mem. L. at 21.) "[W]here the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). The Court enjoys "wide discretion … in setting the amount of statutory damages." *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 143 (2d Cir. 2010) (internal citation and quotation marks omitted). The Court considers the following factors to determine the award of statutory damages for copyright infringement:

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

10

*Id.* at 144.

Regarding factors one and six, willfulness may also be inferred where, as here, defendant has defaulted. *See, e.g.*, *Wright v. R B Miah*, No. 22-cv-4132 (CBA) (JRC), 2023 U.S. Dist. LEXIS 158887, at *26 (E.D.N.Y. Sep. 7, 2023), *R. & R. adopted*, 2023 U.S. Dist. LEXIS 170697 (E.D.N.Y. Sep. 22, 2023); *Innovation Ventures, LLC v. Ultimate One Distrib. Corp.*, No. 12-cv-5354 (KAM) (RLM), 2017 U.S. Dist. LEXIS 223536, at *44-45 (E.D.N.Y. Mar. 21, 2017) ("[C]ourts in this circuit have consistently found that trademark and copyright infringement may be deemed willful by virtue of a defendant's default, without a further showing by the plaintiff."). "In light of Defendant's default, it is impossible for the Court to ascertain what, if any, profits Defendant earned by infringing (factor two) or the value of the infringing material (factor five)." *Andy Ryan Photographer, LLC v. City Vista, Inc.*, No. 24-cv-3369 (OEM) (JAM), 2025 U.S. Dist. LEXIS 193799, at *31 (E.D.N.Y. Sep. 30, 2025) (internal quotations and citation omitted), *R.& R. adopted*, 2025 U.S. Dist. LEXIS 206480 (E.D.N.Y. Oct. 20, 2025). While Plaintiff and the Court have little knowledge of the true extent of Defendant's business, the Court is entitled to assume that Defendant reaped some profits for the use of the Photograph. *See Dish Network L.L.C. v. 786 Wireless World, Inc.*, No. 21-cv-5730 (AMD) (RML), 2024 WL 708229, at *8 (E.D.N.Y. Jan. 3, 2024), *R. & R. adopted*, 2024 WL 1092498 (E.D.N.Y. Mar. 13, 2024).

In considering factors three and four, "[i]t is common practice for courts to base their statutory damage assessments on 'the [copyright] owner's loss of the fair market value of the license fees he might have exacted of the defendant.'" *Wright*, 2023 U.S. Dist. LEXIS 158887, at *27-28 (quoting *McGlynn v. Cube New York Inc.*, No. 20-cv-4546, 2021 WL 1338955, at *3 (S.D.N.Y. Apr. 9, 2021)). In support of its damages request, Plaintiff submits that a two-year license for the use of the Photograph is $1,180, according to Getty Images. (Mem. L. at 17; Mot.

11

Ex. E, ECF 13-3.) Getty Images has been recognized as a legitimate reference point to determine appropriate fees in copyright cases. *Harbus v. Vosa TV Inc.*, No. 24-cv-3572 (NGG) (JAM), 2025 U.S. Dist. LEXIS 75667, at *34 (E.D.N.Y. Apr. 21, 2025). Accordingly, the Court considers a licensing fee of $1,180 to be reasonable and recommends that it be used for purposes of determining an award of statutory damages.

Next, Plaintiff asks this Court to apply a multiplier of five to its licensing fee benchmark for the Photograph, which would yield a total award of $5,900. (Mem. L. at 18.) When a plaintiff has sufficiently shown the willfulness of an infringing defendant, "trebling the licensing fee . . . is in line with the general approach taken by courts" in calculating statutory damages. *Erickson Prods., Inc. v. Only Websites, Inc.*, No. 12-cv-1693, 2016 U.S. Dist. LEXIS 44790, at *6 (S.D.N.Y. Mar. 31, 2016) (recognizing that "damage awards amounting to three times the plaintiff's licensing fee are adequate both to deter the defendant from violating copyright law in the future, and to serve as a general deterrent to other potential infringers."); *see Harvey v. PBH Networks, Inc.*, No. 20-cv-948 (PKC) (LB), 2020 U.S. Dist. LEXIS 186421, at *13 (E.D.N.Y. Oct. 6, 2020) ("Statutory damages of three to five times the licensing fee an infringing defendant would have paid for the right to use a copyrighted work are routinely awarded."). Plaintiff has sufficiently demonstrated that Defendant's infringing act was willful. Plaintiff made multiple attempts to contact Defendant prior to filing suit, and attests that "Defendant initially responded to Plaintiff's email" after service of the Summons and Complaint, but has since failed to respond. (Compl. ¶¶ 30-31; Murray Decl. ¶¶ 14-18.) Defendant's refusal to participate in this litigation further demonstrates the willfulness of its infringement. Therefore, this Court recommends awarding plaintiff five times the $1,180 licensing fee for a total of $5,900. *See Tetra Images, LLC v. Grahall Partners, LLC*, No. 19-cv-05250, 2021 U.S. Dist. LEXIS 125809, at *9 (S.D.N.Y. July 6, 2021) ("On balance, considering

12

[defendant's] willful infringement alongside its refusal to respond to Plaintiff's correspondence or participate in this action in any way—and the need to deter future infringement—the Court concludes that a multiplier of five times the fair market value is appropriate here.").

Accordingly, the Court respectfully recommends awarding statutory damages in the amount of $5,900.

### B.    Attorney's Fees and Costs

#### 1.    Attorney's Fees

Plaintiff seeks to recover $2,843.75 in attorney's fees and $727.00 in costs. Under the Copyright Act, this Court has discretion to "allow the recovery of full costs by or against any party other than the United States," including "a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. This Court has found, in the context of default judgments, that a defendant's "failure to participate" is "willful infringement" for which reasonable attorney's fees are appropriate. *Prepared Food Photos, Inc. v. Silver Star of Brook.*, No. 22-cv-04196 (WFK) (CLP), 2023 U.S. Dist. LEXIS 22037, at *9, 19-20 (E.D.N.Y. Jan. 23, 2023) (noting that "[a] willful infringement may be inferred from the defendant's default" and awarding attorneys' fees). The United States Supreme Court has placed two limits on the Court's discretion to award attorney's fees: (1) awarding of attorney's fees cannot be a "matter of course," but rather the court must make a "particularized . . . assessment," and (2) prevailing plaintiffs and defendants are to be treated the same. *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 202 (2016) (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994)). Additionally, the Supreme Court has provided for "several nonexclusive factors" to further guide courts in fee-shifting decisions. *Id.* (citing *Fogerty*, 510 U.S. at 534 n.19). These include: "frivolousness, motivation, objective unreasonableness[,] and the need in particular circumstances to advance considerations of compensation and

13

deterrence." *Id*. (alteration in original); *see also Zalewski v. Cicero Builder Dev., Inc.*, 754 F.3d 95, 108 (2d Cir. 2014) (emphasizing that "objective reasonableness . . . should be given substantial weight") (internal citation omitted). To calculate reasonable attorney's fees, the Second Circuit conducts a lodestar analysis, which uses a comparable rate for lawyers of similar skill and experience. *Crescent Publ'g Grp., Inc. v. Playboy Enters., Inc.*, 246 F.3d 142, 150 (2d Cir. 2001).

First, the Court must determine the reasonableness of the hourly rate charged. Plaintiff's counsel, Taryn Murray, seeks an award of fees at the hourly rate of $325 per hour. Although Plaintiff's attorney did not provide a biography, nor did she indicate whether she is a partner, senior, or junior associate, Ms. Murray is the only attorney who has appeared on behalf of Plaintiff. (*See* Murray Decl. ¶¶ 35-36; Mot. Ex. F (showing that Ms. Murray is the only attorney who has submitted time records).) This Court finds Ms. Murray's requested rate reasonable and well within the range of hourly rates awarded in this District, even if Ms. Murray is neither a senior associate nor partner. *See Rubin v. HSBC Bank USA, NA*, 763 F. Supp. 3d 233, 243-44 (E.D.N.Y. 2025) (finding hourly rates of up to $650 for partners, $450 for senior associates, and $300 for junior associates reasonable).

Next, the Court the evaluates the reasonableness of the 8.75 hours Ms. Murray spent on this litigation based on the submitted time records. (Mot. Ex. F.) Generally, the Second Circuit applies a reasonableness standard in evaluating the number of hours counsel has spent on a particular matter. *Cruz v. Loc. Union No. 3 of Intern. Broth. of Elec. Workers*, 34 F.3d 1148, 1159 (2d Cir. 1994) (citing *F.H. Krear & Co. v. Nineteen Named Trs.*, 810 F.2d 1250, 1263 (2d Cir. 1987)). Plaintiff bears the burden of showing this reasonableness, "supported by contemporaneous time records" that are specific in detailing the attorney billing their time, the work completed, the hours billed, and the dates on which each item was billed. *Fox Indus., Inc. v. Gurovich*, No. 03-

14

cv-5166 (TCP) (WDW), 2005 WL 2305002, at *1 (E.D.N.Y. Sept. 21, 2005); *see also Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983) (noting that although parties are "not required to record in great detail how each minute of his time was expended" . . . "counsel should identify the general subject matter of his time expenditures.").

Plaintiff has submitted an accounting of the time Ms. Murray spent on various tasks, including researching, drafting the Complaint, and drafting the motion for default judgment, totaling 8.75 hours. (Murray Decl. ¶¶ 35-36; Mot. Ex. F.). The Court finds 8.75 hours to be reasonable. *See, e.g.*, *Stokes*, 681 F. Supp. 3d at 245 (finding 13.1 hours to be reasonable for a copyright action which concluded with a motion for default judgment).

Accordingly, the Court respectfully recommends granting Plaintiff's request for $2,843.75 in attorney's fees.

### 2.      Costs

Finally, Plaintiff requests $727 in costs, consisting of a $402.00 filing fee and $325.00 for service of process. (Mem. L. at 18-19.) Like attorney's fees, this Court can "allow the recovery of full costs" against Defendant under § 505 of the Copyright Act. This Court has previously held that recovery of filing and service of process fees are recoverable under § 505. *Realsongs, Universal Music Corp. v. 3A N. Park Ave. Rest Corp.*, 749 F. Supp. 2d 81, 92-93 (E.D.N.Y. 2010). However, the party seeking to recover costs "bears the burden of adequately documenting and itemizing the costs requested." *Ganci v. U.S. Limousine Serv. Ltd.*, No. 10-cv-3027 (JFB) (AKT), 2015 WL 1529772, at *8 (E.D.N.Y. April 2, 2015) (quoting *Pennacchio v. Powers*, No. 05-cv-985 (RRM) (RML), 2011 WL 2945825, at *2 (E.D.N.Y. July 21, 2011)). Here, Plaintiff has submitted a receipt for the filing fee, and a paid invoice substantiating the cost of effectuating service. (Mot.

Ex. F.) As these costs are recoverable and adequately supported, the Court respectfully recommends awarding Plaintiff costs in the amount of $727.

## IV.    <u>INJUNCTIVE RELIEF</u>

Plaintiff requests the entry of a permanent injunction enjoining Defendant from further infringing the Photograph. (Mem. L. at 11.) The Copyright Act allows the Court to issue "final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). To obtain a permanent injunction, a plaintiff must show: (1) an irreparable injury; (2) the inadequacy of remedies available at law, such as monetary damages; (3) that, considering the balance of hardships between the parties, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *Salinger v. Colting*, 607 F.3d 68, 79-80 (2d Cir. 2010).

First, for the reasons discussed above, Plaintiff has already established success on the merits due to Defendant's liability. *Godinger Silver Art Ltd. v. Amazon Storefront Hodsof US*, No. 23-cv-7087 (MKB), 2024 U.S. Dist. LEXIS 163738, at *9 (E.D.N.Y. Sep. 11, 2024). Moreover, "a defendant's default indicates that it will continue to infringe absent a permanent injunction, and therefore establishes irreparable harm." *Id.* at *9-10 (collecting cases). Next, monetary damages are inadequate to fully protect Plaintiff's exclusive rights. Although a recommended award of monetary damages is significant, it is "inadequate to prevent future piracy without injunctive relief." *Dish Network L.L.C.*, 2024 WL 708229, at *10; *Fallows v. Vos Iz Neias LLC*, No. 22-cv-7964 (ARR) (LB), 2023 WL 7497080, at *4 (E.D.N.Y. Oct. 25, 2023), *R. & R. adopted*, 2023 WL 7522732 (E.D.N.Y. Nov. 13, 2023) ("refusal to defend [the] action creates a threat that they will

16

continue to infringe Plaintiff's [intellectual property] unless permanently enjoined from doing so.").

Third, the balance of hardships favors Plaintiff. "[R]equiring [the defendant] to cease infringing [the plaintiff's] exclusive rights … will not harm [the defendant] because they have no legitimate interest in continuing the infringement." *Dish Network L.L.C.*, 2024 WL 708229, at \*10. Moreover, "the public has a compelling interest in protecting copyright owners' marketable rights to their work[.]" *WPIX, Inc. v. ivi, Inc.*, 691 F.3d 276, 287 (2d Cir. 2012).

Fourth, the public interest would not be disserved by a permanent injunction. "Since Congress has elected to grant certain exclusive rights to the owner of a copyright in a protected work, it is virtually axiomatic that the public interest can only be served by upholding copyright protections ...." *Dish Network L.L.C.*, 2024 WL 708229, at \*10 (internal quotation omitted). Accordingly, the Court respectfully recommends a permanent injunction be issued against Defendant enjoining Defendant from using Plaintiff's Photograph.

## V.      **CONCLUSION**

For the foregoing reasons, I respectfully recommend that the District Court (1) grant Plaintiff's motion for default judgment; (2) award Plaintiff $5,900 in statutory damages; (3) award Plaintiff's counsel her attorney's fees of $2,843.75 and costs of $727; and (4) issue a permanent injunction enjoining Defendant from further infringement of Plaintiff's copyrighted work.

A copy of this Report and Recommendation is being served on Plaintiff via ECF. The Clerk of Court is respectfully directed to mail a copy of this Report and Recommendation to Defendant Zignage at the following address forthwith: (1) 99 Washington Avenue, Albany, NY 12231; and (2) 264 W. 40th St., New York, NY 10018. Plaintiff is also directed to mail a copy of this Report and Recommendation to Defendant and to file proof of service of mailing by January 16, 2026.

Within 14 days of service, any party may serve and file specific written objections to this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Any requests for an extension of time to file objections shall be directed to Judge Gonzalez. If a party fails to object timely to this Report and Recommendation, it waives any right to further judicial review of this decision. *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

**SO ORDERED.**

Brooklyn, New York
January 12, 2026

*Lara K. Eshkenazi*

LARA K. ESHKENAZI
United States Magistrate Judge